UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:25-CR-8-DLB

UNITED STATES OF AMERICA,                                          PLAINTIFF,

V.                                  MAGISTRATE JUDGE'S
                            REPORT AND RECOMMENDATION

DAVID L. KING,                                                     DEFENDANT.


The defendant previously provided notice of concern regarding his current competency to proceed to trial. In response, the Court directed an evaluation to be conducted by an evaluator with the Bureau of Prisons. The evaluation occurred, as ordered by the Court, and all parties received the resulting forensic report issued by licensed BOP forensic psychologist. In the competency report, the evaluator opines that King is competent for trial purposes.

The Court scheduled a competency hearing as required under 18 U.S.C. § 4747, where the parties appeared with counsel, and as it relates to the report of current competency and stipulated to the Report's findings. The parties also waived introduction of other proof and argument in opposition.

Section 4241 provides that for a defendant to be competent, he must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *See Dusky*, 80 S. Ct. at 789; *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*).

1

Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C.§ 4241(c) (referencing Section 4247(d) for hearing procedure).

Ultimately, per Section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of Section 4241(a). This framework suggests that the defense bears the burden, although the cases disagree on burden allocation. *Compare United States v. Chapple,* No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not disputed, and the Court need not resolve the burden allocation question. *See, e.g.*, *Medinav. California*, 112 S. Ct. 2572, 2579 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

In the Report, the evaluator thoroughly analyzed Defendant's history, behavior, course of evaluation, and testing performance. The evaluator personally observed King during direct interview, subjected him to psychological testing, and reviewed supplemental information, including legal and other records, to assist in the evaluation. In addition, the evaluator and/or the facility screened for any relevant medical issues.

The Report is a comprehensive assessment of Defendant's history, condition, and circumstances. The evaluator found that King did not suffer from any mental disorder or condition. During the evaluation, he exhibited a sufficient understanding of the charges and related court proceedings. He understood the difference between pleas of guilty or not guilty.

He was familiar with the plea-bargaining process and demonstrated a sufficient understanding of the court participants and related procedures. He expressed an understanding of appropriate courtroom behavior and demonstrated a sufficient capacity to cooperate with and assist his lawyer. In conclusion, he can understand the nature and consequences of the proceedings against him and a sufficient ability to properly assist in his own defense.

The Court finds no evidence to support a conclusion that Defendant is incompetent, and certainly finds nothing that would permit an incompetency finding by a preponderance of the evidence. Indeed, the Court finds that, according to § 4241(a), Defendant can understand the nature and consequences of the proceedings and can assist properly in his defense. Therefore, the Court **RECOMMENDS** that the Defendant be found competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Failure to object per Rule 59(b) waives a party's right to review.

This the 4th day of December 2025.

Signed By:

*Edward B. Atkins*  EBA

**United States Magistrate Judge**

3